UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ORANEFO OKOLO, as assignee of St. Luke's   :
Hospital Consortium,                            :
                Plaintiff,       :       **ORDER ADOPTING REPORT**
                             :       **AND RECOMMENDATION**
v.                             :
                             :       19 CV 5329 (VB)
CROSS RIVER STATE GOVERNMENT,     :
                  Defendant.    :
------------------------------------------------------------x

Briccetti, J.:

      Before the Court is Magistrate Judge Andrew E. Krause's Report and Recommendation

("R&R"), dated December 15, 2023 (Doc. #73), on plaintiff's motion for a default judgment

against defendant Cross River State Government ("CRSG") pursuant to Fed. R. Civ. P. 55(b)(2).

(Docs. ##57–60).  Judge Krause recommended the Court deny plaintiff's motion because CRSG

is immune from suit under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 et

seq., and plaintiff did not demonstrate that any exception to the FSIA applies.

      Plaintiff did not timely object to the R&R.  However, the Court granted plaintiff's motion

for an extension of time to object (Docs. ##74–75), and plaintiff thereafter filed his objections.

(Doc. #76 ("Objection")).

      For the following reasons, the Court OVERRULES the Objection and adopts the R&R as

the opinion of the Court.  Accordingly, plaintiff's motion for default judgment is DENIED and

the case is DISMISSED for lack of subject matter jurisdiction.

      The parties' familiarity with the factual and procedural background of this case is

presumed.

**DISCUSSION**

I.  <u>Standard of Review</u>

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Parties may raise objections to the magistrate judge's report and recommendation, but the objections must be "specific[,] written," and submitted within fourteen days after the objecting party has been served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C), or within seventeen days if the parties are served by mail, <u>see</u> Fed. R. Civ. P. 6(d).

When a party submits timely objections to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a <u>de novo</u> standard of review.  28 U.S.C. § 636(b)(1)(C); <u>see</u> <u>also</u> Fed. R. Civ. P. 72(b)(3).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  <u>See</u> <u>Wilds v. UPS, Inc.</u>, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  The clear error standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. <u>See</u> <u>Ortiz v. Barkley</u>, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

II.  <u>Analysis</u>

The Objection largely reiterates plaintiff's original arguments.  (<u>See</u> Docs. ##59, 72). Nevertheless, the Court has carefully reviewed the R&R and the underlying record <u>de novo</u> as to all of plaintiff's objections.

The Court concludes none of plaintiff's objections has merit.

A.      <u>General Objections</u>

Plaintiff generally argues that the direct effect clause of the FSIA's commercial activity exception applies here and, therefore, Judge Krause incorrectly concluded the Court lacks subject matter jurisdiction over this action.

The Court disagrees.

The Objection largely reasserts arguments plaintiff made in his original and supplemental memoranda of law in support of his default judgment motion.  Specifically, plaintiff argues (i) the bulk of the investment and technical expertise for the Obudu Hospital project came from U.S. entities and CRSG was aware this would be the case before it executed the Concession Agreement; (ii) without the agreement of these U.S. entities to invest in the Obudu Hospital project, the parties would not have executed the Concession Agreement; and (iii) CRSG's conduct relating to the Obudu Hospital project caused plaintiff to lose his investment and "destroyed plaintiff's career in the United States as a HealthCare Executive."  (Objection at 2, 5, 6, 8).  However, these arguments were thoroughly considered by Judge Krause, and, finding no error, clear or otherwise, this Court agrees they must be rejected for the same reasons as stated in the R&R.

Accordingly, plaintiff's general objections are overruled.

B.      <u>Specific Objections</u>

The Objection can be fairly construed to assert three specific objections to the R&R regarding Judge Krause's (i) analysis of plaintiff's tortious interference claim; (ii) cited case law; and (iii) consideration of plaintiff's demand for arbitration.  Having reviewed the R&R and underlying record de novo, the Court addresses each objection in turn, below.

1.      Tortious Interference Claim Objection

Plaintiff objects to Judge Krause's failure to address plaintiff's arguments regarding his

tortious interference with economic relations claim.  (Objection at 3, 10).  Plaintiff argues the

R&R dealt solely with his breach of contract claim and asserts the Court "should now consider

and determine plaintiff's unexamined tort claim."  (Id. at 3).

The Court disagrees.

Judge Krause concluded plaintiff failed to establish that CRSG's alleged breaches of the

Concession Agreement had any direct effect in the United States, and thus plaintiff failed to

show the commercial activity exception to the FSIA applies.  (See R&R at 12–15).  This Court

agrees with Judge Krause—CRSG is immune from suit, and the Court lacks subject matter

jurisdiction over this matter.  Because the Court lacks subject matter jurisdiction, it cannot

review the merits of plaintiff's tortious interference with economic relations claim.

Accordingly, this objection is overruled.

2.      Case Law Objection

Plaintiff objects to the cases Judge Krause cited in the R&R "in support of lack of

subject-matter jurisdiction."  (Objection at 2).  Plaintiff argues the cited cases are distinguishable

on the facts because "[a]lmost all of those cases are breach of contract cases, as distinct from tort

cases."  (Id.).

The Court disagrees.

Although some of the cases cited in the R&R involve breach of contract claims, others

involve tort claims, and still others involve both breach of contract and tort claims.  (See, e.g.,

R&R at 10, 15 (citing Guirlando v. T.C. Ziraat Bankasi A.S., 602 F.3d 69, 74–75 (2d Cir.

2010))).  Moreover, the same legal standard governing the commercial activity exception to the

FSIA applies across all of these claims.  The relevant question, regardless of the type of claim alleged, is whether the commercial activity of the foreign government caused "a direct effect in the United States."  See 28 U.S.C. § 1605(a)(2).  As discussed above, Judge Krause properly found the commercial activity at issue in this case did not.

Plaintiff specifically objects to Judge Krause's citation to Daou v. BLC Bank, S.A.L., 42 F.4th 120 (2d Cir. 2022), on the ground that the facts in Daou are distinguishable from the instant case.  This objection is also unavailing.  In Daou, as here, the plaintiffs brought contract and tort claims against a governmental entity.  Id. at 136–37.  The court found there was no requisite direct effect in the United States because there was no obligation that the checks at issue be paid in the United States, and the location of injury was outside the United States.  Id.  As Judge Krause correctly found, nothing in the Concession Agreement required payments to be made to a bank account in the United States, and any alleged breach of the Concession Agreement took place in Nigeria.  (R&R at 13).

Accordingly, this objection is overruled.

3.     Arbitration Demand Objection

Plaintiff asserts Judge Krause's determination that the Court lacks subject matter jurisdiction "may also have been influenced . . . by the response of the external counsel for CRSG to plaintiff's demand for arbitration."  (Objection at 3).

The Court disagrees.

In the "Factual Background" section of the R&R, Judge Krause noted that, under the Concession Agreement, the parties agreed any dispute that could not be resolved by negotiation would be submitted to arbitration under the Nigerian Arbitration and Conciliation Act.  (R&R at 3).  Judge Krause further noted that when St. Luke's Hospital Consortium ("St. Luke's") served

CRSG with a notice of arbitration, CRSG's counsel responded that CRSG's obligations under the Concession Agreement "are non-monetary but were to be achieved by policy direction" and therefore, CRSG "denies any liability" to St. Luke's.  (Id. at 3–4).  Finally, Judge Krause noted "St. Luke's and the CRSG did not arbitrate their dispute."  (Id. at 4).

There is no evidence Judge Krause unduly relied on these facts in determining that CRSG is immune from suit under the FSIA.  In fact, Judge Krause explicitly stated the R&R "does not address . . . whether Plaintiff complied with the arbitration requirements in the Concession Agreement."  (R&R at 15 n.5).

Accordingly, this objection is overruled.

## CONCLUSION

Having carefully reviewed Judge Krause's thorough and well-reasoned R&R, the Objection, and the underlying record de novo, the Court finds no error, clear or otherwise. Accordingly, the Objection is OVERRULED and the R&R is adopted in its entirety as the opinion of the Court.

Plaintiff's motion for default judgment is DENIED, and the case is DISMISSED for lack of subject matter jurisdiction.

The Clerk is directed to enter Judgment accordingly and close this case.

Dated:  April 12, 2024
        White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge